**Gabriela J. Cerretani, Esq.**
**Georges Cote Law, LLP**
**235 Marginal St**
**Chelsea, MA 02150**
**gcerretani@georgescotelaw.com**
**MA BBO: 706130**
**Counsel for Petitioner**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Carlos Eduardo Dos Anjos Goncalves,**  **Petitioner**  v.  PATRICIA HYDE, Boston Field Office Director,   U.S. Immigration and Customs Enforcement   and Removal Operations ("ICE/ERO");  TODD LYONS, Acting Director of U.S. Immigration   and Customs Enforcement ("ICE");  KRISTI NOEM, Secretary of the Department of   Homeland Security ("DHS");  U.S. DEPARTMENT OF HOMELAND   SECURITY; and  PAMELA BONDI, Attorney General   of the United States  **Respondents** | Case No.: 1:25-cv-12512  **EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

1. Petitioner, Carlos Eduardo Dos Anjos Goncalves, is a citizen of Brazil who lawfully entered the United States on a nonimmigrant B2 Visitor visa in 2013.

2. Although Petitioner was admitted and is not subject to expedited removal, Immigration and Customs Enforcement ("ICE") arrested and detained him on September 9, 2025. ICE has not produced any valid removal order or lawful statutory basis for custody.

3. Petitioner cannot lawfully be detained under 8 U.S.C. § 1225(b), which governs applicants for admission, because he was inspected and admitted at entry. Nor may ICE invoke 8 U.S.C. § 1231(a)(5), because there is no prior removal order to reinstate. At most, ICE's custody authority would fall under 8 U.S.C. § 1226(a), which requires an individualized custody determination. Petitioner has not been provided with such a hearing.

4. ICE's detention of Petitioner is therefore unauthorized, arbitrary, and punitive, depriving him of liberty without due process of law. Petitioner respectfully seeks immediate release under this Court's habeas jurisdiction, 28 U.S.C. § 2241.

## II. **JURISDICTION AND VENUE**

5. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

7. Venue is proper in this District because Petitioner is detained at the Boston ICE Field Office, which lies within the District of Massachusetts.

8. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## III. **REQUIREMENTS OF 28 U.S.C. § 2243**

9. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

10. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## IV. **PARTIES**

11. Petitioner, Carlos Eduardo Dos Anjos Goncalves is a citizen of Brazil currently detained at Boston Field Office in Burlington, Massachusetts, under the custody of U.S. Immigration and Customs Enforcement.

12. Respondent, PATRICIA HYDE, is the Boston Field Office Director for U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"). The Boston Field Office is responsible for custody determinations and enforcement actions in Massachusetts, including the detention of Petitioner. Respondent Hyde is a legal custodian of Petitioner.

13. Respondent, TODD LYONS, is the Acting Director of the U.S. Immigration and Customs Enforcement. He exercises authority over the operations of ICE nationwide, including the actions of ICE/ERO's Boston Field Office. Respondent Lyons is a legal custodian of Petitioner.

14. Respondent, KRISTI NOEM, is the Secretary of the Department of Homeland Security ("DHS"), the federal agency charged with enforcing the immigration laws of the United States. DHS oversees ICE and is ultimately responsible for the detention of Petitioner. Respondent Noem is a legal custodian of Petitioner.

15. Respondent, U.S. DEPARTMENT OF HOMELAND SECURITY, is the federal agency responsible for implementing and enforcing the immigration laws of the United States, including the detention and removal of noncitizens.

16. Respondent, PAMELA BONDI, is the Attorney General of the United States and the head of the U.S. Department of Justice. The Attorney General has ultimate supervisory authority over the immigration courts and the Board of Immigration Appeals and is charged with ensuring compliance with federal law in immigration detention and removal matters.

VI. **FACTS**

17. Petitioner, Carlos Eduardo Dos Anjos Goncalves is a citizen of Brazil.

18. Petitioner lawfully entered the United States in approximately 2013 with a valid B2 visa.

19. On or about September 9, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner and placed him in detention.

20. To date, ICE has not produced any valid removal order against Petitioner.

21. Because Petitioner was admitted into the United States, he cannot be lawfully detained as an "applicant for admission" under INA § 235(b).

22. Nor can ICE invoke INA § 241, which applies only to individuals subject to a final order of removal.

23. Petitioner's detention, if authorized at all, must fall under INA § 236(a), which provides for pre-order custody and requires an individualized custody determination.

24. Petitioner has not received any such custody hearing.

25. Accordingly, ICE's detention of Petitioner is unauthorized and unconstitutional, depriving him of liberty without due process of law.

### VII.   CLAIMS FOR RELIEF

#### Count I – Violation of the Fifth Amendment Right to Due Process
#### (Procedural Due Process)

26. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

27. Respondents' detention of Petitioner without an individualized custody hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution. The Due Process Clause applies to "all persons" within the United States, including noncitizens admitted on nonimmigrant visas who have overstayed. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

28. Petitioner was lawfully admitted to the United States in 2013 and has resided here for more than twelve years. On September 9, 2025, Immigration and Customs Enforcement ("ICE") arrested and detained him.

29. Because Petitioner was admitted, he cannot be classified as an "applicant for admission" under INA § 235(b), nor is he subject to post-order custody under INA § 241. The only statutory framework that could apply is INA § 236(a), which governs pre-order detention and requires an individualized custody determination.

30. Respondents have failed to provide Petitioner with such a hearing. This deprivation of liberty without notice, an opportunity to be heard, or a neutral decisionmaker violates fundamental procedural due process. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256–57 (1st Cir. 2021).

31. Accordingly, Petitioner's continued detention is unlawful under the Fifth Amendment.

### Count II – Detention Not Authorized by Statute
### (INA §§ 235(b))

32. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

33. Respondents cannot lawfully detain Petitioner under INA § 235(b), which authorizes detention of certain "applicants for admission." Petitioner is not an applicant for admission. He was lawfully inspected and admitted to the United States on a B-2 visitor visa in 2013 and has continuously resided here for more than twelve years.

34. By its plain terms, INA § 235(b) applies only to noncitizens seeking initial admission at the border or those subject to expedited removal within two years of an unlawful entry. Petitioner falls into neither category. He has already been admitted and therefore cannot be retroactively reclassified as an applicant for admission.

35. Respondents may point to the recent Board of Immigration Appeals decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which held that all individuals who entered without inspection are subject to mandatory detention under INA § 235(b)(2)(A) as "applicants for admission." But *Hurtado* does not apply to Petitioner's case. Unlike the respondent in *Hurtado*, Petitioner was not an EWI; he was lawfully admitted on a visa. He has never been treated as an applicant for admission, and there is no statutory authority to now reclassify him as such more than a decade later.

36. Accordingly, custody must fall, if at all, under INA § 236(a), which governs pre-order detention and requires an individualized custody determination. Petitioner has been denied this process.

### Count IV – Violation of the Administrative Procedure Act
### (Unlawful Agency Action, 5 U.S.C. § 706(2))

37. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

38. Respondents' detention of Petitioner is arbitrary, capricious, and contrary to law, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), and in excess of statutory authority, in violation of 5 U.S.C. § 706(2)(C).

39. Petitioner lawfully entered the United States on a B-2 visa in 2013 and has resided continuously in the country for more than twelve years. On September 9, 2025, Immigration and Customs Enforcement ("ICE") arrested and detained him without producing any valid removal order. Because Petitioner was inspected and admitted, he cannot be classified as an "applicant for admission" under INA § 235(b), and because no final removal order exists, INA § 241 does not apply. The only statutory framework that could govern his custody is INA § 236(a), which requires an individualized custody determination. Respondents have denied him this process.

40. By detaining Petitioner disregarding controlling facts, namely his lawful admission, lengthy residence, and the absence of a removal order, Respondents have acted "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C).

41. Respondents' actions are also arbitrary and capricious under 5 U.S.C. § 706(2)(A) because they lack a rational connection between the facts and the decision to detain Petitioner. See *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). ICE's decision to treat a lawfully admitted noncitizen as though he were an applicant for admission ignores the statutory framework and is therefore unlawful.

42. Accordingly, this Court should hold unlawful and set aside Petitioner's detention under 5 U.S.C. § 706(2).

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner respectfully requests this Honorable Court grant the following:

43. Assume jurisdiction over this matter;

44. Order that Petitioner shall not be transferred outside the District of Massachusetts;

45. Issue an Order to Show Cause ordering Respondent to show cause as to why this Petition should not be granted within three days;

46. Declare that the Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

47. Declare that Respondents lack statutory authority to detain Petitioner under INA §§ 235(b);

48. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

49. In the alternative, should the Court decline to order immediate release, direct Respondents to provide Petitioner with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker at which the government bears the burden of proof to justify continued detention; and

50. Grant any such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Gabriela J. Cerretani*

Gabriela J. Cerretani, Esq.
BBO: 706130
Georges Cote Law LLP
235 Marginal St
Chelsea, MA 02150
617-884-1000
gcerretani@georgescotelaw.com
*Counsel for Petitioner*

Dated: September 9 2025